UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TONY WHITE and DANIEL AGUILAR,

                                                Plaintiff,

   -against-

JIMMY PONCE; and JOHN and JANE DOE 1-10, individually and in their official capacities (the names John Doe being fictitious, as the true names are presently unknown),

                                                Defendants.
------------------------------------------------------------------------X

***1st AMENDED COMPLAINT AND JURY DEMAND***

Docket No.
1:15-cv-4290

ECF CASE

      Plaintiffs Tony White and Daniel Aguilar, by their attorney Joseph Indusi, Esq. of London Indusi LLP, for his complaint against Defendants alleges as follows:

**PRELIMARY STATEMENT**

      1. This is a civil rights action in which Plaintiffs seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of their civil rights protected by the Fourth and Fourteenth Amendments of the United States Constitution.

      2. The claim arises from an April 12, 2015 incident in which Defendants, acting under color of state law, unlawfully stopped and arrested Mr. Aguilar and Mr. White without probable cause. The Defendants then pushed, punched, and kicked Mr. White, causing injuries to his hands, neck, and legs. Mr. White spent approximately 24 hours unlawfully in police custody. Mr. Aguilar spent approximately 4 hours unlawfully in police custody. Plaintiffs cases were dismissed and sealed.

      3. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as

well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331 and 1343(a) (3) and (4).

## VENUE

6. Venue is laid within the Eastern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District. 28 U.S.C. § 1391 (b).

## PARTIES

7. Plaintiff Tony White ("Mr. White") resided at all times here relevant in Brooklyn, King's County, City and State of New York.

8. Plaintiff Daniel Aguilar ("Mr. Aguilar") resided at all times here relevant in Brooklyn, King's County, City and State of New York.

9. Detective Jimmy Ponce, Shield No. 4355 ("Ponce") was, at all times here relevant, a Detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Ponce was, at the time relevant herein, a Detective under Shield # 4355 of the 79th Precinct. Defendant Ponce is sued in his individual capacity.

10. At all times relevant Defendants John and Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1

through 10.

11. At all times relevant herein, Defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL CHARGES

13. On April 12th, 2015, at approximately 2:00 a.m., Mr. White was walking with an acquaintance on Fulton Street in Brooklyn, King's County, New York.

14. Mr. White's acquaintance was named Danial Aguilar.

15. Mr. White and Mr. Aguilar were not committing any crime or violating any law or local ordinance.

16. The Defendants, including Defendant Ponce, stopped their police vehicle in front of Mr. White and Mr. Aguilar and approached them.

17. The Defendants asked Mr. Aguilar for identification.

18. Mr. Aguilar inquired to why they needed his identification.

19. Without responding, the Defendants, including Ponce, unlawfully handcuffed Mr. Aguilar and put him in the police vehicle.

20. Mr. White inquired why the police were arresting Mr. Aguilar

21. The Defendants, including Defendant Ponce, unlawfully handcuffed Mr. White.

22. The Defendants, including Defendant Ponce, punched and kicked Mr. White while he was on the ground, causing injury to his hands, legs, and neck.

23. The Defendants did not observe Mr. White commit a crime or violation.

24. There was no probable cause or reasonable suspicion to detain or arrest Mr. White.

25. Mr. White did not resist arrest.

26. The Defendants, dragged Mr. White across the street to another police vehicle, injuring his hands, legs, and neck.

27. Defendants searched Mr. White's person without his authority or permission.

28. Defendants searched the backpack Mr. White was wearing, which contained $4,000 of contributions from a New York Communities for Change Charity.

29. No contraband or anything of illegality was found on or in the backpack on Mr. White.

30. Defendants, including Ponce, transported Mr. White and Mr. Aguilar to 79th Precinct.

31. When Mr. White got to the 79th Precinct, he requested to go to the hospital for his injuries.

32. Defendants, including Defendant Ponce, refused to take Mr. White to the hospital.

33. Defendants transported Mr. White to Central Bookings without going to the hospital.

34. While at central bookings, EMS treated Mr. White for injuries to his hands, legs, and neck.

35. Defendants, including Defendant Ponce, conveyed false information to prosecutors in order to have Mr. White prosecuted for Obstructing Governmental Administration and Resisting Arrest.

36. Defendants, including Defendant Ponce, conveyed false information to prosecutors in order to have Mr. Aguilar prosecuted for Disorderly Conduct.

37. Mr. Aguilar was unlawfully held in police custody for approximately 4 hours before being released with a desk appearance ticket.

38. Mr. White was unlawfully held in police custody for approximately 24 hours before being arraigned on those charges.

39. At arraignments, the Judge released Mr. White on his own recognizance, and the matter was adjourned.

40. After multiple court appearances, on May 26, 2015, Mr. White reluctantly accepted an Adjournment in Contemplation of Dismissal with immediate sealing.

41. Upon information and belief, Mr. Aguilar's case was dismissed on July 23, 2015.

42. During all of the events described, Defendants acted maliciously, willfully, knowingly and with the specific intent to injure Mr. White and Mr. Aguilar and violate their civil rights.

43. As a direct and proximate result of the acts of Defendants, Mr. White and Mr. Aguilar suffered the following injuries and damages: violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, physical injury, pain and suffering, and loss of liberty.

**FIRST CAUSE OF ACTION**
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

44. The above paragraphs are here incorporated by reference as though fully set forth.

45. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiffs without reasonable suspicion.

46. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages herein before alleged.

**SECOND CAUSE OF ACTION**
False Arrest Under
42 U.S.C. § 1983 Against Individual Defendants

47. The above paragraphs are here incorporated by reference as though fully set forth.

48. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiffs.

49. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiffs was carried out without a valid warrant, without Plaintiffs consent, and without probable cause or reasonable suspicion.

50. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

### THIRD CAUSE OF ACTION
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

51. The above paragraphs are here incorporated by reference as though fully set forth.

52. The individual Defendants created false evidence against Plaintiffs, to wit, sworn documents and testimony alleging that Mr. White obstructed governmental administration and Mr. Aguilar was disorderly.

53. The individual Defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

54. In creating false evidence against Plaintiffs, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiffs right to a fair trial under the Due Process Clause of the Fourth and Fourteenth Amendments of the United States Constitution.

55. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

### FOURTH CAUSE OF ACTION
Failure to Intervene Under

42 U.S.C. § 1983 Against Individual Defendants

56. The above paragraphs are here incorporated by reference as though fully set forth.

57. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

58. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

59. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

**FIFTH CAUSE OF ACTION**
Excessive Force Under
42 U.S.C. § 1983

60. The above paragraphs are here incorporated by reference as though fully set forth.

61. The individual Defendants used excessive, unreasonable and unnecessary force with plaintiff, Mr. White.

62. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on the plaintiff without consent.

63. As a direct and proximate result of this unlawful conduct, Plaintiff, Mr. White sustained the damages hereinbefore alleged.

**SIXTH CAUSE OF ACTION**
Deliberate Indifference to Medical Needs Under
42 U.S.C. § 1983 Against Individual Defendants

64. The above paragraphs are here incorporated by reference as though fully set forth.

65. At the time of Plaintiff's arrest on April 12, 2015, the individual Defendants were aware of a risk to Plaintiff's safety and a need for medical care and failed to act in deliberate indifference

to Plaintiff's needs.

66. Accordingly, Defendants violated the Fourteenth Amendment because they acted with deliberate indifference to Plaintiff's medical needs and safety.

67. As a direct and proximate result of this unlawful conduct, Plaintiff, Mr. White, sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiffs respectfully requests judgment against Defendants, jointly and severally, as follows:

a) In favor of Plaintiffs in an amount to be determined by a jury for each of Plaintiff's causes of action;

b) Awarding Plaintiffs punitive damages in an amount to be determined by a jury;

c) Awarding Plaintiffs compensatory and special damages in an amount to be determined by a jury;

d) Awarding Plaintiffs reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e) Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demands a trial by jury.

Dated: December 7, 2015
Brooklyn New York

Respectfully submitted,

  /s/ Joseph Indusi
*Joseph Indusi, Esq.*
Bar Number: JI6499
Attorney for Plaintiffs
London Indusi LLP
186 Joralemon Street, Suite 1202
Brooklyn, NY 11201
(718) 301-4593 – Phone
(718) 247-9391 – Fax
Joe@LondonIndusi.com